Good morning, may it please the Court, Ms. DeMarco. My name is Bill Stanton, I represent Jacob Mikulski in this appeal where he argues that the District Court improperly imposed an obstruction of justice enhancement, as well as the District Court unreasonably imposed an above-guideline sentence. A brief recitation of the facts I think is appropriate, Mr. Mikulski is in a beef with Individual A, the two foolishly decide to meet up at a park to settle that dispute. Mikulski who is a convicted felon, we don't dispute that, goes to the park alone with a revolver that has blank ammo in it. Individual A shows up with several other associates who have guns with live ammunition. One of Individual A's associates opens fire on Mr. Mikulski. Mr. Mikulski while fleeing fires blank shots back at that group and additional rounds of live ammunition are then fired at Mr. Mikulski. Luckily no one is injured in the fracas. Fast forward to the following week, Mr. Mikulski is stopped for a traffic offense and brought into the Mount Prospect Police Station. At that time he is questioned by Mount Prospect Police officers regarding this incident that took place in the park back on July 1st of 2020. And he initially denies being present for the incident. Now after that conversation he calls home, he tells his mom in Polish to take a bag out of the house and throw it away or hide it or something of the sort. Now little did he know one of the Mount Prospect Police officers understood and spoke Polish and overheard that conversation. The officers then traveled to Mr. Mikulski's home, asked for consent to search the apartment which they did, found nothing. The next day they bring his mom into the police station. Mikulski sees that his mom is there and says, Mom, tell them where the bag is that you hid. She did so, they recover a revolver that contains blank ammunition. Mr. Stanton, how would you describe the defendant's intent when he gave his mother that instruction? His intent when he gives his mother the instruction, which is what he's always, his position has been from day one is that I don't want my mom to get in trouble. I don't want my mom to get charged with anything. I don't want my pregnant girlfriend to get charged with anything. So I'm trying to distance them from anything that's inside the house. So he's, Mikulski's charged in state court with aggravated discharge of a firearm and related offenses. More than two months later, the federal prosecution is commenced and the federal prosecution is for being a felon in possession of a firearm. He pleads guilty to that offense, proceeds to a sentencing hearing. At the sentencing hearing, we argue that the obstruction of justice enhancement does not apply to the facts of this case. The court overrules that argument and imposes the obstruction enhancement as well as imposing an above guideline sentence of 48 months after calculating a 30 to 37 month guideline range. So in this appeal, we're saying, arguing the propriety of the imposition of the obstruction enhancement as well as the reasonableness of the above guideline sentence. Now, initially we'd say that the facts do not support a 3C1.1 enhancement because the incident that the Mount Prospect police are investigating is a shootout in a park. And that's borne out by the fact that in state court, Mikulski's charged with aggravated discharge of a firearm. The feds charge him more than two months later with felon in possession of a firearm between July 1st and July 10th and not this shootout in the park on July 1st. So basically, it's our position that the Mount Prospect police are investigating possibly an attempt murder case, possibly an aggravated discharge or reckless discharge of a firearm, but not somebody in a park that's a felon that had a gun. Why wouldn't other gun charges be part of that investigation if, in fact, the facts support it? I think you're splitting the... I think at the time of the investigation, at the time that he's questioned and he makes this phone call, that's not the focus of their investigation. I think down the road, that's an unintended byproduct of the investigation. It doesn't matter what the focus was if it can reasonably be connected to this investigation, his obstructed conduct. Is he obstructing their investigation into who was shooting a gun at the park? Their investigation wasn't restricted to that. That's what they had asked him about. That's what prompted it. That's what they had asked him about, and they didn't ask him, can you tell us where a gun is, can you tell us... Criminal investigations are not that narrow, especially in the state system. They often spawn federal charges when local law enforcement is investigating crimes, and gun charges, whether they're federal gun charges or state gun charges, are reasonably comprised within an investigation of a shooting. But I think what they did here is that the feds picked up the gun charge, whereas the initial state investigation was trying to find out who's responsible for bullets flying around a public park. Now, I guess this court then would need to decide, is a general investigation into an incident sufficient to then support... See, I'm confused. Why do we need to do this? I think your argument, it's possible it has some traction before the 2006 amendment to 3C1.1. But during as opposed to recently? And under our prior decision in Perez. But your focus on the precise chronology of what was being investigated when, I think falls by the wayside after the 2006 amendment. Doesn't the application note make that clear? That's the point Judge Seitz is making. I think what we have to then determine is, with respect to, was this statement that Mr. Mikulski made to his mother considered with respect to the investigation that was ongoing by the Mount Prospect Police Department? It's our position that it absolutely was not. Oh no, fair enough, right? But under that application note, the federal investigation doesn't have to have commenced. But the federal investigation adopted the state investigation for all intents and purposes, right? There was no... I don't know whether it did or didn't. It didn't charge him with being a felon in possession of a gun? Correct. But based upon the investigation that the state officials had conducted... They just picked it up. They just said, well, take this federally. Right. And what they needed to prove federally was that he was a felon, which was in his criminal background, and that he possessed a gun on a date in question. They charged it from July 1st to July 10th of 2020. But there were witnesses who had identified him with a gun. So they had the elements that they needed to prove. So would you say that in a case where a defendant calls home and says to his mother, there are a whole bunch of notebooks and ledgers and everything else in my bottom desk drawer. Take them and throw them in the pond out back as fast as you can. And it turns out that he's at the police station for drunk driving or something. But then he comes under investigation for drug dealing, or he's the suspect or a target in an ongoing drug investigation. And they learn that he told his mom to throw all the drug ledgers in the pond. No obstruction? No obstruction. He's not being investigated for that at the time that he makes that statement. Okay. What's your best legal support for that? Have other circuits kind of adopted that construction of 3C1.1? And if so, which courts? Judge, I think other circuits have had a more liberal construction, and this court hasn't really ruled on it since Perez, this specific aspect of it. Do you think there's another circuit under which on these facts you would prevail? Based upon the case law that I've read, the circuits that have opined on it. Right. I know you're focused. I mean, it's a little spot a little bit because we're in the Seventh Circuit. Sure, have gone against me. But that's why I would ask Your Honors to hold in my favor here. There's no other questions I'll reserve for rebuttal. That's fine. Thank you. Thank you. Ms. DeMarco. Good morning, Your Honors. May it please the Court. Megan DeMarco on behalf of the United States. The District Court properly applied the obstruction of justice enhancement in this case under guideline 3C1.1. As has already been discussed, the defendant called his mother from police custody after being informed that he was under investigation for a shooting and informed her to discard the gun that he was later charged with possessing. That's a quintessential example of obstruction of justice, and guideline note 4D specifically references procuring somebody else to destroy evidence on your behalf as an example. That he did so from state custody versus federal custody is irrelevant under the 2006 amendment to the guidelines. The guidelines draw no distinction in the text between an investigation initiated by the state and continued by the federal government. Every circuit to have considered this question has found that there is no distinction between an investigation begun by the state and later adopted by the federal government. And the text of the guidelines supports that conclusion based on the amendment with respect to versus during that removes the temporal element and the application 01, which specifies specifically that obstructive conduct can occur prior to the investigation beginning. Is some connection between the state and federal investigation necessary? Your Honor, I think there needs to be a connection between the obstructive conduct and the instant offense of conviction. And as long as the facts underlying the obstruction of justice relate to the instant offense of conviction, that's the link that needs to be drawn between the beginning and the end, so to speak. So completely unrelated criminal investigations doesn't matter. What matters is the facts on the ground, whether what the defendant did was likely to obstruct and calculated to obstruct an investigation, even one not yet begun for the present offense, the offense of conviction. I think that's correct, Your Honor. I think the link has to be between it's not really the scope of the investigation or what crimes are under investigation or who's doing the investigation, investigating, but rather the obstructive conduct, whether it's likely to thwart or intended to thwart the investigation of the offense of conviction, the instant offense of conviction. So the answer to Judge Scudder's hypothetical would be what? Drunk driving arrest, drunk driving investigation, calls mom, says get rid of all of my financial papers. Right, and then is eventually convicted of a drug-related offense. Or a financial crime. Right, or a financial crime. Something unrelated to the drunk driving is the key point. Yes, I think the facts of the hypothetical match on to the facts here fairly nicely where the obstructive conduct in Judge Scudder's hypothetical would be intended to thwart the investigation into a financial crime or a drug crime. If that was the intended offense of conviction, then regardless of whether the defendant was in custody for drunk driving, he had committed obstruction of justice for the offense that he's eventually convicted of. So the obstruction of justice enhancement would apply in that situation in the government's view. Yeah, I took your argument here to be when he's at the police station, he knows they're on to him for the shooting. They're not on to him for drunk driving or passport fraud or something else. They're on to him for the shooting. Well, the shooting involved a gun. Correct. So when he gives his mom the instruction, get rid of the bag or whatever, get rid of the, I don't know what it was in, the sock or the bag or something. That way he's going to help. If the gun's gone, his calculation is probably, that minimizes the chances of a successful prosecution for the shooting or any other trouble I get in relating to this gun. That's what I took your argument to be. That's why it's obstructive. Yes, I believe that's correct, Your Honor, that his, and to your point about intent earlier, his intent at that point was to hide the firearm. The world's better when the gun's gone. Correct. Right. So his intent was to, as you say, minimize his own exposure based on his possession or discharge of that firearm. So if the panel has no further questions for me on this point, the government just asks that you affirm. Thank you. Thank you. Mr. Stanton, you have a little time left. Thank you. Very briefly to touch on that last point, I think Mr. Mikulski's subjective intent was to minimize the exposure of others for other crimes. So if we're looking at likely or intended to thwart an investigation. It's possible that's part of it. I mean, that's a fair argument. I mean, he's dealt you a hard hand here, and that's a fair argument. But it's not as singular. From an objective standpoint, that's not as singular intent. Right. Mom not getting in trouble. Or girlfriend not getting in trouble. Good thing from his perspective. Him not getting in trouble, also a good thing. But I think he already knew he was in trouble. Oh, I mean, he lessens the chances, doesn't he, when the gun's in the pond? I don't think they need the gun to prove the charge. This one they did. How are they going to show the interstate commerce? How are they going to prove interstate commerce if they don't recover it? What gun did he possess? I don't know of any revolvers that are manufactured in the state of Illinois. So you can make a logical inference that it was manufactured outside the state with that. You can't have any sort of high-capacity magazine that attaches to a revolver. So based on the facts. Maybe historically it's not the way they pursued those charges, though. You know that. Correct. I see my time is up. I also argued that the above-guideline sentence was unreasonable. And if there's no further questions, thank you for your time. Thank you very much. Our thanks to both counsel. The case is taken under advisement.